DOUGLASS v. WALLACE, Sheriff, et al.
(No. 970.)

(Court of Civil Appeals of Texas. El Paso.
April 24, 1919.)

1. EVIDENCE ☞317(5)—EXECUTION ☞471—
   WRONGFUL LEVY—HEARSAY EVIDENCE.

   In an action against a sheriff and others
for conversion, it was proper to permit defend-
ants to testify that prior to levy upon the cot-
ton in question they were informed by plain-
tiff's brothers that the cotton belonged to plain-
tiff's father and were informed by the owner
of the land on which cotton was raised that
the land was rented to plaintiff's father, since
they had a right to show that they acted in
good faith and without malice, and upon prob-
able cause, where exemplary damages were
sought.

2. APPEAL AND ERROR ☞1050(2)—HARMLESS
   ERROR—MATERIALITY OF EVIDENCE ADMIT-
   TED.

   In an action against sheriff and others
for conversion of cotton, where material issue
was plaintiff's ownership, an error in admitting
testimony that one of the defendants bought
the judgment against plaintiff's father on which
judgment the execution against the cotton was
levied, from a trustee in bankruptcy was harm-
less.

3. TRIAL ☞350(3)—SUBMISSION OF SPECIAL
   ISSUES—OWNERSHIP—STATUTE.

   In an action against a sheriff and others
for conversion of cotton in which the control-
ling issue was whether plaintiff or plaintiff's
father owned the cotton, the question of who
rented the land upon which it was grown was a
mere evidentiary fact upon the ultimate issue
and should not have been submitted.

4. TRIAL ☞351(2)—SPECIAL ISSUES—WRIT-
   TEN REQUEST.

   Under Rev. St. 1911, art. 1985, failure to
submit a special issue is not error, where its
submission was not requested in writing.

5. EXECUTION ☞471—OWNERSHIP OF GOODS
   —EVIDENCE—SUFFICIENCY.

   In an action against the sheriff and others
for conversion of cotton levied upon and sold
under execution, circumstances in evidence held
sufficient to support the conclusion that plain-
tiff's claim of ownership was merely colorable
and that the cotton was owned by his father.

Appeal from Young County Court; W. P.
Stinson, Judge.

Action by R. P. Douglass against M. M.
Wallace, as Sheriff, and others, for actual
and exemplary damages for conversion of
cotton taken upon execution against plain-
tiff's father. Judgment for defendants, and
plaintiff appeals. Affirmed.

C. W. Johnson and J. M. Parker, both of
Graham, for appellant.
Marshall & King, of Graham, for appellees.

HIGGINS, J. In the fall of 1917, M. A.
Wallace and W. J. A. Cooper caused to be
issued an execution upon a judgment in fa-
vor of R. L. Reed & Co. against J. W. Doug-
lass the father of appellant, Richard P.
Douglass. The execution was placed in the
hands of M. M. Wallace, as sheriff, who
thereafter, at the instance of Cooper and
M. A. Wallace levied the same upon two
bales of cotton at the Love Gin. There-
after the sheriff sold the cotton, and the
same was purchased by R. G. Hallam. Sub-
sequently, appellant, R. P. Douglass, claim-
ing to be the owner of the cotton, sued Hal-
lam, Cooper, M. A. and M. M. Wallace for
its conversion, and sought to recover as ac-
tual damages its alleged value in the sum
of $300 and exemplary damages in the sum
of $300. The cotton in question was raised
on a farm owned by J. F. Smith and which
adjoined, or was near, the farm owned by
J. W. Douglass and upon which J. W. Doug-
lass resided with his wife and his sons, Rich-
ard (R. P.) Archie, Charley, and George.

The case was submitted to a jury upon
special issues. A number of issues were sub-
mitted, the first reading:

"State whether R. P. Douglass or J. W.
Douglass rented the land from J. F. Smith up-
on which the cotton in this controversy was
raised?"

The jury was instructed not to answer the
other issues if they found that J. W. Doug-
lass rented the land. In answer to the first
issue, it was found that J. W. Douglass rent-
ed the land, and, in accordance with the
court's instruction, the other issues were not
answered. Judgment was rendered for the
defendants.

[1] Cooper and M. A. Wallace were per-
mitted to testify that prior to the time they
caused the levy to be made they were inform-
ed by Archie and George Douglass that the
cotton belonged to their father, J. W. Doug-
lass; also, that they were informed by Ar-
chie and George and J. F. Smith that the
land upon which the cotton was raised was
rented from Smith by J. W. Douglass and
not by Richard. It is objected to this testi-
mony that it was hearsay. Plaintiff having
sought to recover exemplary damages, it
was the right of Cooper and M. A. Wallace
to show the information upon which they
acted in causing the levy to be made upon
this cotton. It was admissible to show the
want of malice and that they acted in good
faith and upon probable cause. The evi-
dence was admitted by the court for this
limited purpose as shown by the bills.

[2] Error is assigned to the admission of
the testimony of Cooper that he bought the
judgment from the trustee in bankruptcy
of R. L. Reed. The error in the admission
of this evidence was harmless. The owner-

ship of the judgment was not material. The material issue in this case was whether Richard or his father, J. W. Douglass, owned the cotton. If Richard did not own it, he has no cause of action, regardless of the ownership of the judgment upon which the execution was issued. For this same reason assignments 6 and 10, complaining of the refusal of peremptory instructions to find for plaintiff upon the theory that Cooper and Wallace failed to establish their ownership of the Reed judgment, are overruled.

[3, 4] Complaint is made of the overruling of an exception presented to the first issue. The exception reads:

"The plaintiff excepts to the first special issue of the court's presentations of issues, because question at issue would be, and is, whether the cotton was produced by the labor and expense of the plaintiff, and not whether the rental contract was with plaintiff or J. W. Douglass—the witness Smith got his rent, in any event, and permitted the plaintiff to farm the land, and there is no evidence in the record that J. W. Douglass had anything to do with the making of the cotton, its harvest, ginning, and sale of the cotton not converted."

We agree with appellant that this issue should not have been submitted. The ultimate controlling issue in the case was whether Richard or J. W. Douglass owned the cotton. The question of who rented the land from Smith was a mere evidentiary fact upon the ultimate issue. In trying a case upon special issues the ultimate issues of fact are the ones to be submitted and not evidentiary ones. The court should have required the jury to find as to the issue of ownership and given appropriate instructions enabling it to pass upon the question. But under our statute (article 1985, R. S.) the failure to submit the issue of ownership is not reversible error; because its submission was not requested in writing by appellant. What he requested to be submitted was merely evidentiary upon the issue of ownership for the cotton might have been produced by the labor and at the expense of Richard and the father nevertheless be the owner. There is evidence in the record to support a finding that the cotton was owned by J. W. Douglass, and under the statute the issue of ownership must be deemed to have been found by the court against appellant. In this connection may be considered the question presented as to the sufficiency of the evidence to support the judgment as raised by the ninth assignment.

[5] The evidence shows that the father, J. W. Douglass, owned and lived with his family upon a farm adjoining or near the Smith land upon which the cotton was grown. The father was old and rather infirm. Residing with him were his wife and sons, Richard, George, Charley, and Archie.

There is evidence that Smith rented the land to the father and not to Richard; that after the levy of the execution the father went to the landlord, Smith, and endeavored to get him to sign a written statement to the effect that the land had been rented to him, J. W. Douglass, which Smith refused to sign. Richard and his brothers, it seems, were young men, living with the father as members of his family. Their purchases at the store were charged to the father. An account of $60 owed by the father to the merchant, McBrayer, was paid out of the proceeds of other cotton which was raised on the Smith land. Considering all of the circumstances, we think the same sufficient to support the conclusion that the claim of ownership by Richard Douglass was colorable merely and that the father, J. W. Douglass, was in fact the owner of the cotton.

Upon the views heretofore expressed, it follows that there was no error in the refusal of the peremptory instruction requested by appellant the refusal of which is the basis of the seventh assignment.

Finding no reversible error, the judgment is affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes